IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN JOSEPH MCCARTHY,

        Plaintiff,

v.                                                               Civil Action No. 2:13cv70
                                                              (Judge Bailey)

TERRY O'BRIEN, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on October 7, 2013, by filing a complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation</u>.[1] In the complaint, the plaintiff names Terry O'Brien, and several John Doe defendants identified as the Hospital Administrator, the Mental Health Director, a Captain, a SIS Lieutenant, and the A-2 Unit Manager. All of the defendants are employed at USP Hazelton, where the plaintiff is currently confined. The complaint generally alleges that the administration cooperates with violent, ethnic, racist organized prison gangs and allows them to control housing, seating arrangements in the chow hall, units and yard. The complaint also alleges that the defendants have been deliberately indifferent to his serious medical needs including advanced degenerative disc disease, Hepatitis B-C, Epilepsy, pollups (sic), cysts and feet problems. In addition, the plaintiff alleges that the defendants have been deliberately indifferent to his serious mental health needs by refusing proper care, housing, or medication. Finally, the plaintiff alleges that USP Hazelton is frequently on full lock down, and the gangs have designated him as a thug. For relief, the plaintiff seeks a preliminary injunction, temporary restraining order, investigation and prosecution, and monetary damages. The plaintiff has filed a Motion to Proceed without Prepayment of Fees. However, despite a Notice of Deficient Pleading and a Show Cause Order, the plaintiff has yet to file a Prisoner Trust Account Report or a Consent to Collection.

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following

---

[1] 403 U.S. 388 (1971).

subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

By 1996, the plaintiff had filed 136 cases in the United States District Court for the District of Connecticut alone and an injunction was entered against him. See McCarthy v. Meachum, 1996 WL 905938 (Nov. 15, 1996). The plaintiff admits that he is beyond § 1915's three-strike, and the undersigned's review of his lawsuits confirms that admission. At least three of the plaintiff's prior civil actions or appeals have been dismissed as frivolous or for failure to state a claim.[2] Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

The plaintiff's conclusory allegations about conditions at USP Hazelton do not demonstrate that he is in imminent danger of serious physical injury. As a result, he may not proceed with this lawsuit on an *in forma pauperis* basis.

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g), and his pending motions (Docs. 2, 11, 12) be **DENIED AS MOOT**. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when the prisoner in not entitled to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply

---

[2] McCarthy v. Gruendel, 5:92cv168 (D. Ct.), *aff'd*, No. 92-2546L (2nd Cir. Mar. 10, 1993)(unpublished) (appeal dismissed as frivolous); McCarthy v. Gruendel, 5:92cv169 (D. Ct), *aff'd*, No. 92-2547 (2nd Cir. Mar. 10, 1993) (Unpublished) (appeal dismissed as frivolous); McCarthy v. Pardi, 5:92cv170(D. Ct.), *aff'd*, No. 92-2548 (2nd Cir. March 10, 1993)(unpublished) (appeal dismissed as frivolous); McCarthy v. Dowd, (D. Ct.)(dismissed for failure to state a claim); McCarthy v. Meachum, 2:92cv329 (D. Ct.)(dismissed for failure to state a claim); McCarthy v. Kupec, et al, 3:96cv63 (D. Ct.) (dismissed for failure to state a claim).

pay the filing fee after being denied *in forma pauperis* status. He must pay the $400 filing fee contemporaneously with the complaint.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: February 7, 2014.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE