IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

JOHN JOSEPH MCCARTHY,

        Plaintiff,

v.                                          Civil Action No. 2:13-CV-70
                                                    (BAILEY)

TERRY O'BRIEN, et al.,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R&R on February 7, 2014 [Doc. 13]. In that filing, the magistrate judge recommended that this Court dismiss without prejudice the plaintiff's case and deny as moot all other pending motions [Docs 2, 11, 12].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

***Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The plaintiff timely filed objections, which were received on February 14, 2014. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

The plaintiff alleges mistreatment by USP Hazelton administration, where he is currently confined, including deliberate indifference by prison employees to his physical and mental health needs. The R&R recommends dismissal of the plaintiff's case based on the Prison Litigation and Reform Act of 1996, which does not permit a prisoner to bring a civil rights action without prepayment of fees if he has, on three or more prior occasions, brought an action that was dismissed as frivolous or because it failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. The R&R notes that the plaintiff has filed more than 136 cases, at least three of which have been dismissed as frivolous or for failure to state a claim, and that it does not find that the plaintiff is in imminent danger of serious physical injury. As such, it recommends dismissal without prejudice. The plaintiff would be permitted to re-file this action in the future upon payment of the $400 filing fee contemporaneously with the Complaint.

The plaintiff timely filed objections [Doc. 15]. In his objections, the plaintiff makes three arguments. First, he states that the Federal Rules of Civil Procedure require only a short plain statement of the facts, that his Complaint should be liberally construed because

he is a *pro se* litigant, and that he set forth sufficient general allegations that he is in imminent danger of serious physical injury. Second, the plaintiff claims that dismissal is a drastic sanction and if a more detailed account is required, the Court "could seek an amendment or supplemental pleading; or appoint counsel." He also claims that this Court could consolidate this case with another civil action the plaintiff filed in the Northern District of West Virginia, 1:13-CV-225 [Id. at 2]. Third, the plaintiff asserts that his allegations are sufficient to sustain his claim and that discovery is required for the plaintiff to support his claims.

With respect to the plaintiff's first argument, the three-strikes rule is not affected by the Federal Rules of Civil Procedure. Although this Court construes the *pro se* plaintiff's claims liberally, this Court agrees with the R&R that the plaintiff has failed to show that he is in imminent danger of serious physical injury. Accordingly, the Court OVERRULES the plaintiff's first objection.

The plaintiff's second argument is that because dismissal is a drastic sanction, the plaintiff should be permitted to amend or supplement his claims. However, the plaintiff was given the opportunity to put forth sufficient evidence that he is in imminent danger of serious physical injury in his objections to the R&R and he failed to do so. The plaintiff also claims that because the defendants were ordered to show cause in another case filed in the Northern District of West Virginia, this proves that his case has merit. However, the other pending civil action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, where the plaintiff alleges that he was deprived of good conduct time while at USP Hazelton without notice or a hearing, in violation of the Due Process Clause and 28 C.F.R.

3

Part V. The two causes of action are entirely unrelated and, as such, any possible merit in his § 2241 is unrelated to the current **Bivens** action. Additionally, the plaintiff's § 2241 petition, unlike the instant **Bivens** action, is not subject to the same three-strikes rule. Accordingly, the Court OVERRULES the plaintiff's second objection.

Finally, the plaintiff's third argument, that his allegations are sufficient to sustain his claim and that discovery is required for the plaintiff to support his claims, also fails. The Court agrees with the R&R that the plaintiff has failed to show that he is in imminent danger of serious physical injury. As such, and because he has had more than three prior civil actions which were dismissed as frivolous or for failure to state a claim, he is barred from filing further civil actions without prepayment of fees under 28 U.S.C. § 1915. Accordingly, the Court OVERRULES the plaintiff's third objection.

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **DENIES AS MOOT** the plaintiff's Application to Proceed Without Prepayment of Fees **[Doc. 2]**, Motion to Amend Complaint **[Doc. 11]**, and Motion for Extension of Time and for a Temporary Restraining Order **[Doc. 12]**. Accordingly, the plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITHOUT PREJUDICE**. Therefore, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** February 27, 2014.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE